60    SUPREME COURT OF IOWA,

Griffin v. Painter, Sheriff.    The State v. Miller.

## GRIFFIN v. PAINTER, SHERIFF.

1. THE case of *Albertson v. Kriechbaum, ante,* p. 11, followed.

*Appeal from the order of Hon. Josiah Given, Judge of Circuit Court of Polk County.*

FRIDAY, OCTOBER 24.

## THE STATE v. MILLER.

1. **Criminal Procedure:** ABSENCE OF STATE'S WITNESSES: CONTINUANCE: FACTS JUSTIFYING. Where defendant was tried for incest, and after the trial the district attorney allowed the state's witnesses to depart, and the jury failed to agree, *held* that the district attorney's failure to hold the witnesses in anticipation of another trial at the same term was not such negligence as should defeat his motion for a continuance, on the ground of the absence of one of the witnesses whose attendance could not be procured at that term.

2. **Criminal Evidence:** INCEST: WHAT IS CORROBORATIVE. On a trial for incest, evidence may be corroborative of the prosecutrix, and therefore material, without being in *direct* corroboration of her testimony as to the body of the crime. See opinion for example.

3. ———: ———: FATHER AND DAUGHTER: EVIDENCE TO SUPPORT VERDICT. The evidence in this case considered, and *held* sufficient to support a verdict that defendant was guilty of incest with his daughter.

The State v. Miller.

4. ———: ———: CORROBORATION: DUTY OF COURT AND JURY. On a trial for incest, and in like cases, it is for the court to determine whether or not evidence is corroborative, but it is for the jury to weigh and determine the effect of such evidence.

5. ———: ———: IMPROPER INTIMACY. The mere fact of a man's having given money to the prosecutrix in a case of alleged incest is immaterial as evidence of an improper intimacy between them.

6. **Practice:** INSTRUCTIONS: REVIEWING TESTIMONY. Under our practice, it is not practicable nor necessary for the court to take up the several facts and circumstances testified to by the witnesses, and instruct the jury as to their weight and effect.

### *Appeal from Marshall District Court.*

### FRIDAY, OCTOBER 24.

THE defendant was convicted in the court below of the crime of incest, alleged to have been committed by having carnal knowledge of his daughter, Lorada Miller. Defendant appeals.

*John H. Bradley*, for appellant.

*Smith McPherson, Attorney-general*, for The State.

ROTHROCK, CH. J.—I. At the January term, 1884, the defendant was put upon trial on the indictment, and the jury failed to return a verdict, because they were unable to agree. After the jury were discharged, the district attorney filed a motion for a continuance of the cause until the next term, based upon the absence of two witnesses. One of these witnesses was present and testified upon the first trial, and the other was a non-resident, and absent from the state. The non-resident witness was one Davis, and it appears from the affidavit that the defendant had made the claim that Davis had sexual intercourse with defendant's daughter, and that he was the father of her illegitimate child. The affidavit of the district attorney was to the effect that Davis would testify that he never at any time had such sexual intercourse

with the prosecutrix. The defendant resisted the motion for a continuance, upon the grounds that the witness who had been in attendance at the first trial should not have been permitted to absent himself until the case was finally disposed of, and that his testimony did not tend to corroborate the testimony of the prosecutrix. As to Davis, the objection was that there was no reasonable expectation that his attendance could be secured at the next term, and that his evidence would not be corroborative, and would be immaterial and incompetent. The motion for a continuance was sustained, to which ruling the defendant excepted. Thereupon, the defendant appeared in open court, and waived the right to confront said witnesses, and admitted that they would testify as stated, and consented that the testimony might be read upon the trial, upon which waiver the motion for continuance was overruled.

It is claimed that the agreement to go to trial and waive the presence of the witnesses was not a waiver of the ruling on the motion for a continuance. Without determining the question as to what was waived by the agreement, we think the showing made for a continuance was sufficient. There was no lack of diligence on the part of the district attorney. The case was one which would quite naturally excite the public mind, and in view of the difficulty of securing a jury to try a case of this character the second time at the same term, we would be slow to disturb an order of continuance upon the ground that the district attorney had permitted the witnesses for the state to absent themselves at the close of the introduction of the evidence upon the first trial. It is

2. CRIMINAL evidence: incest: what is corrobora-tive. claimed that the testimony of Davis would have been immaterial. We think otherwise. It was not necessary that it should be in direct corroboration of the testimony of the prosecutrix as to the body of the crime. The record shows that it was most material in contradiction of the theory of the defense that Davis was the author of the misfortune of the prosecutrix.

The State v. Miller.

II. The sufficiency of the evidence to warrant the verdict is the material question in the case. The evidence shows

3. ——: ——: that the daughter of the defendant was delivered
father and of a child when she was between fifteen and six-
daughter:
evidence to teen years of age. The defendant's wife died
support ver-
dict. some years before that, and the defendant and his four children composed the family at the time it is charged the crime was committed. The prosecutrix was the oldest child. She testified, upon the trial, that her father commenced to have sexual intercourse with her when she was about eleven years old, which was continued up to the time she became pregnant, which was in December, 1882; that after she became pregnant he procured medicine for her to produce an abortion; that he told her to say that one Davis was the father of the child. If the testimony of the prosecutrix was, in law, sufficient to sustain a conviction, we would not be warranted in reversing the judgment for want of sufficient evidence. It is true that it appears from her evidence that, upon the first trial, she testified that on every occasion of sexual intercourse the act was accomplished by force, and on the last trial she testified that no force was used excepting during the first years of their illicit intercourse. And she admits that she claimed at one time that Davis was the father of the child. It is strenuously urged in argument that the contradictions render the witness unworthy of belief. That was a question for the jury, and it is not for this court to sit in judgment upon it, in view of the statement which she makes that her father induced her to claim Davis as the father of the child, and in view of the explanation she makes as to her former testimony as to the force used. It is claimed, however, that, conceding that the jury were warranted in giving credence to the testimony of the prosecutrix, there is no other evidence tending to connect the defendant with the commission of the offense sufficient to constitute the corroboration required by statute. We suppose it is a question for the court to determine

**4. ——: ——:** whether there is any corroborating evidence in
corrobora-
tion : duty of cases of this character. But it is for the jury to
court and
jury. weigh and determine the effect of such evidence,
and its sufficiency, and each case must be determined upon
its own facts, because, in the nature of things, the corrobora-
tion cannot be the same in any two cases. Many cases of
this kind have been determined in this court, in some of
which it has been held that there was corroborating evidence,
and in others that such evidence was not produced. In the
case at bar, we think there was evidence other than that of
the prosecutrix, which, if believed by the jury, tended, to
say the least, to connect the defendant with the crime charged.

We will set out a few of the facts sworn to by witnesses
which, we think, have the required tendency. At about the
fourth month of the pregnancy of the prosecutrix, the defend-
ant called upon his family physician, and at three different
times procured medicine which was intended to bring about
the flow of the menses. He told the physician that her menses
had ceased, as he thought, by her catching cold. At times
he claimed that he did not know of the pregnancy of his
daughter until her sickness at the time of the birth of the
child. At another time he claimed that he knew it four or
five months before that time. He was unwilling that any
one should interrogate his daughter about the paternity of
the child, saying that he would find out, and that he would
make it hot for any one who interfered in the matter. He
intimated, and, in fact, claimed that Davis was the father of
the child, and when it was proposed to send for Davis he
objected. Now, we think these circumstances, and others
that might be enumerated, were sufficient to submit to the
jury in corroboration of the testimony of the prosecutrix.
They indicated pretty plainly that the defendant was deter-
mined that the author of the ruin of his child should not be
discovered and brought to justice; and we think his contra-
dictory statements and general conduct in regard to the affair
warranted the jury in finding that the corroboration was

The State v. Miller.

SAME as num-  sufficient.   The corroboration necessary to con-
ber 2, ante.  vict him need not be founded upon facts directly
connecting defendant with the offense.   It may be founded
upon circumstantial evidence.   *State v. Stanley*, 48 Iowa,
221.

III.   Upon the cross-examination of the prosecutrix she
was asked if Davis had ever given her money, and if the wit-
5. ——: ——:  ness had said to Mary Ratliff that Davis had
improper
intimacy.     given her some money, and if she did not show
the money to Mrs.   Ratliff.   The court sustained an objec-
tion to the question, because it was immaterial, and not
cross-examination.   This ruling is complained of.   We think
the ruling was correct.   The mere fact that Davis gave the
girl money was immaterial; and, if he did give her money,
no inference was allowable therefrom that the giving of
money was for any improper purpose, without some proof in
that direction.   As to such proof, we may say that the evi-
dence does not tend to show any improper intimacy between
Davis and the prosecutrix.   It appears that Davis visited the
defendant's family, and that he had a violin, and played it at
times while there.   A witness stated that she had seen Davis
at the defendant's house on two occasions, and the question
was asked her if, at other times, she had heard a violin played
in the house.   The court sustained an objection to this ques-
tion.   We think this ruling was not erroneous.   The testi-
mony which was sought to be called out thereby was so
remote from any issue in the case that, whether allowed or
not, it could have had no influence in making up a verdict.

IV.   The defendant requested the court to give to the jury
seventeen instructions, which were all refused.   The most of
6. PRACTICE:   these instructions are recitals of the different facts
instructions:  and circumstances which are claimed to be cor-
reviewing
testimony.     roborative of the prosecutrix, coupled with the
statement that they do not tend to connect the defendant
with the commission of the crime charged.   If these instruc-
tions had been given, the jury would have been required to

return a verdict of not guilty. We have said that some of these facts and circumstances were sufficient to submit to the jury, and as to them the instructions would have been manifestly erroneous. And we do not think the court is required in such cases to take up the several facts and circumstances testified to by the witnesses, and instruct the jury as to their weight and effect. Under our practice, written instructions are required, and it is not practicable nor necessary for the court to review the testimony of the witnesses.

V. In our opinion the instructions given by the court to the jury fully and fairly cover every proper question in the case. They call attention to the contradictory statements of the prosecutrix in her testimony upon the two trials, and state that if she intentionally testified falsely she might be discredited altogether, and direct the jury that they "are to judge of her testimony, and determine how far, if at all, she is corroborated or contradicted by herself or others, and give it such credit as it may be entitled to, or none, as you may fairly judge to be right." Counsel for the defendant claims that the instructions are erroneous in that they confine the jury to a consideration of such facts, if any, as to which the witness intentionally testified falsely; and it is further objected that the part of the instructions above quoted authorized the jury to find corroborative facts in the testimony of the prosecutrix. We do not think the instructions are vulnerable to the objections claimed, especially in view of the very full and fair directions elsewhere contained in the charge upon the question of corroboration.

VI. The motion for a new trial was supported by an affidavit of defendant's counsel, in which the district attorney was charged with misconduct in his closing argument to the jury. The district attorney filed a counter-affidavit, in which he claimed that his conduct and argument were highly proper, in view of the fact that it was but a reply to the argument of defendant's counsel. It is unnecessary to set out these affidavits in this opinion. It is enough to say that we do not

discover that the defendant was prejudiced in this regard. It appears from the affidavits that most of this controversy arose out of statements made by counsel as to what occurred at the first trial. The affidavits are contradictory as to which of the counsel was at fault in first departing from a proper line of argument.

We have examined the whole record in the case, and given, as we think, proper consideration to the very able and exhaustive argument of counsel for the defendant, and are united in the conclusion that the judgment of the district court must be

AFFIRMED.