## THE STATE v. DIETZ.

1. **Criminal Evidence**: CORROBORATION OF ACCOMPLICE: WHAT IS
SUFFICIENT: QUESTION FOR JURY. A conviction cannot be had on the
testimony of an accomplice, unless it is corroborated by other testimony
tending to connect the defendant with the commission of the offense.
Code, § 4559. But where there is such testimony, its sufficiency is for
the jury to determine. Upon consideration of the corroborating evi-
dence in this case, *held* that the jury was warranted in bringing in a
verdict of guily of murder.

*Appeal from Benton District Court.*

THURSDAY, OCTOBER 22.

THE defendant was indicted and convicted of the crime of
murder, and sentenced to be imprisoned in the penitentiary
for twenty years, and he appeals.

*John Mitchell*, for appellant.

*A. J. Baker*, Attorney-general, for the State.

SEEVERS, J.—W. B. Hower was murdered by means of
poison administered to him by his wife. The defendant was
indicted and convicted on the theory that he was an accessory
before the fact. Anna L. Hower, the widow of the deceased,
had been convicted prior to the trial in this case, and she
testified as a witness for the state, on the trial of the defend-
ant, that he procured the poison, and advised her to give it
to the deceased; and the only question we are required to
determine is whether she was sufficiently corroborated by
evidence which tends to connect the defendant with the com-
mission of the offense. Code, § 4559.

The poison was administered and the death occurred in
Marion, Linn county, in this state. The defendant at that
time resided in Illinois, where Mrs. Hower and her husband

resided a short time before they became residents of this state. The evidence tended to show that Mrs. Hower and the defendant were criminally intimate in the state of Illinois. The deceased suspected such intimacy, and the evidence tends to show that defendant had knowledge of such fact. The deceased and his wife left Illinois on or about the sixth day of July, and she had an interview with the defendant on that day; and, as she testified, the plan was then agreed upon, and the poison procured. That such an interview took place is a conceded fact. The poison was administered on the ninth day of July, and on the twelfth Mrs. Hower telegraphed the defendant at Lanark, Illinois, as follows:

" Still living. No better. Come at once.

"WILLIAM LAWRENCE."

Unless there had been some prior understanding between the defendant and Mrs. Hower, it is preposterous to suppose she would have signed the name she did to the telegram. On the same day the telegram was sent the defendant arrived at Marion, and had an interview with Mrs. Hower, and they went to Cedar Rapids, stayed all night at a hotel, and occupied the same bed-room. Whether the defendant came in response to the telegram does not appear. Mrs. Hower testified that she wrote a letter to. the defendant on Tuesday, and the telegram was sent on the following Thursday. But whether the defendant came to Marion in response to the letter does not appear. The jury, however, would be warranted in finding that a sufficient time had·elapsed to have enabled the defendant to reach Marion after the receipt of the letter, if he received it in due course of mail.

If there is evidence which corroborates the accomplice, and tends to connect the defendant with the commission of the offense, its sufficiency is for the jury to determine. The criminal relations between these parties in Illinois; the presence of the defendant in Marion, either on his own motion or because Mrs. Hower requested it; the going to Cedar Rapids, and what took place there,—tend to corroborate the

evidence of the accomplice, and connect the defendant with the commission of the offense. The poison was administered and the telegram was sent by Mrs. Hower. It clearly implies that the killing of the deceased had been discussed, and the manner of communication arranged. The presence of the defendant at Marion is entitled to great weight, and the only explanation given by counsel for the defendant is that the latter came for the purpose which was, in all probability, accomplished at Cedar Rapids. It was, however, for the jury to say whether this was his only purpose.

Our conclusion, after a careful consideration of the whole record, is that the judgment must be

AFFIRMED.