## STATE OF IOWA v. W. H. HALL, Appellant.

**Indictment:** NAME OF PARTY INJURED. A misnomer in an indictment for larceny, as to one of the receivers of a railroad, alleged to have been in possession and control of the stolen property, is not fatal, where the indictment in other respects is abundantly certain to identify the act.

**Notice of Testimony in Criminal Case:** SUFFICIENCY. The statement, in a notice, of the intended production of a witness by the state, whose name is not indorsed on the indictment, that the state expects to prove by him that the cars from which the property described in the indictment, was stolen with their knowledge, were in the custody, control and possession of the receivers of a certain railroad, at the date when the property is alleged to have been stolen, is a sufficient compliance with the Iowa statute, requiring the notice to show the substance of what the state expects to prove by the witness.

SAME. So is one stating that the state expects to prove the location of the tracks and buildings in the vicinity of the place where the property is alleged to have been concealed, and will ·introduce and identify a plat of the locality.

SAME. The use of the words "stole" and "stolen," in one, does not render it obnoxious to the objection that it states a legal conclusion, where the facts, as to the concealment of the property, after the theft, are stated.

**Corroboration:** JURY QUESTION. It is not essential to a conviction upon the testimony of accomplices and corroborating testimony, that there should be corroboration of all matters testified to, but evidence tending to show that any such facts are true, is corroboration; and the jury is to judge of the weight of such evidence.

**Instructions:** LARCENY. The failure of the court, in a prosecution for larceny, to define the difference between grand and petit larceny, is not prejudicial, where the question was submitted whether or not the value of the property exceeded twenty dollars, and the court instructed the jury, that if there was reasonable doubt as to the value, it should be resolved in favor of the defendant, and the jury returned the value of the property at over twenty dollars.

**New Trial.** A new trial will not be granted in a criminal prosecution upon an affidavit of defendant, stating that he was prejudiced by the testimony of a confederate in the crime, who had been in the penitentiary, where defendant could not see him, ever since shortly

after the return of the indictment; that neither defendant nor his counsel, were permitted to see, or converse, with him when he was brought back for a witness; and that he had made threats against defendant, and had said that, although defendant was not concerned in the crime, he was going to swear that he was, of which statement the defendant did not learn until after the trial; that a strong prejudice existed against defendant in the city at the time of trial, but was not known to him—where no attempt to see such witness appears, and some of the statements are based on information, rather than personal knowledge, and in some instances as merely hearsay.

Sentence: LARCENY. A sentence to imprisonment for three years and nine months, on conviction of larceny of property of the value of twenty-three dollars, will not be reduced, where there is evidence in the record rendering it probable that the defendant was concerned in other thefts, and was one of an organization for such purpose.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, APRIL 7, 1896.

INDICTMENT for larceny. Verdict of guilty and a judgment thereon, from which the defendant appealed.—*Affirmed.*

*Benjamin & Preston* for appellant.

*Milton Remley*, attorney general, for the state.

GRANGER, J.—I. The larceny charged in the indictment, is of two kegs of brandy, and the testimony shows that it was taken from a railway car on the tracks of the Union Pacific Railway Company, at Council Bluffs From the evidence, it appears that, after the brandy was taken from the car, it was first placed under another car near by, then concealed under a culvert near Seventeenth street, and afterwards, the same night, taken some distance away to a field, and concealed, with other goods, under a hay barrack, and that defendant and one Rachwitz were

arrested when they came with a team to remove the property. On the trial of the indictment, the state used certain witnesses whose names were not indorsed on the indictment, and an assignment of error brings in question the sufficiency of the notices under which they were permitted to testify. It is not important to set out all the notices referred to, but we will refer to two of them. One, after stating the name, residence, occupation, etc., of the witness, recited that plaintiff expected to prove by said witness "the location of the tracks and buildings in the Union Pacific yard, in the vicinity of Seventeenth street, in the city of Council Bluffs. The plaintiff will also introduce and identify by said witness a plat of said locality, which they have made." In another notice it is said that the plaintiff expects, by the witness, to "prove that the car, or cars, from which the two kegs of brandy described in the indictment, were stolen, were, with their contents, in the custody, control and possession of the receivers of the Union Pacific Railway on the twenty-ninth day of April, 1894, at which time the brandy was stolen." It is thought by appellant that these notices do not comply with the requirements of the statute, which are that the notices shall show the substance of what the state expects to prove by the witnesses; and a reference is made to *State v. Kreder*, 86 Iowa, 25 (52 N. W. Rep. 658). In that case the facts expected to be proven, were stated as follows: "I expect to prove by said witnesses, that the nuisance has been kept and maintained as charged in the indictment." The notice was held insufficient, and it is there said, referring to the statute: "The provision refers to the matter to which the witness is expected to testify, and not to its legal effect." The notices in this case are a compliance with the rule of that case, in stating the matter of

fact, which it was expected to prove. Particular attention is called to another of the notices, in which it is said that the state expects to "prove that you and others stole the two kegs of bandy described in the indictment, from a car in the yards of the Union Pacific Railway Company at Council Bluffs, Iowa, on the night of the twenty-ninth of April, 1894, and concealed the same near Lake Manawa, and also that the two kegs found in a hay barrack near Manawa, were and are the two kegs stolen on the night of April 29, 1894, by you and others, and that both the said kegs were full at the time they were so taken."

It is true, that the words "stole" and "stolen," may indicate a legal conclusion, as distinguished from a fact to which a witness would be called to testify. The words are, however, often used to express the act of taking and carrying away, and the words in the notice, associated as they are with other facts, clearly indicate the facts intended to be proven by the witness. The witness referred to in this last notice was a confederate in the crime, and he stated the facts as to the taking of the goods from the car and putting them under the culvert, and then taking them from there in defendant's wagon; that witness and the defendant afterwards went into the timber, and unburied the brandy from where it had been buried, and took it to another part of the town, etc. These are but the facts in detail, the substance of which was stated in the notice. The notice clearly shows an intent to prove that the brandy was taken from a car and carried away for the purpose of stealing it. The proof of such facts involved all the details of doing the acts.

II. Limerick and Harris were witnesses for the state, and accomplices of defendant; and it is claimed that there is no evidence, other than their testimony, tending to connect defendant with the commission of the crime, but we think the corroboration is abundant.

The property was taken to a field and secreted, under a hay barrack, by some one or more. The defendant, with Rachwitz, went there in the night, with a team, with the evident intention of removing it. It was recently stolen property, and these two men had knowledge, and the practical possession of it. That the property had been stolen and secreted, is clearly established. The presence of these men, in the night, to secretly take or look after it, certainly tended to show that they had secreted it, and also that they had stolen it; and, if so, it would be corroborative of the testimony of the accomplices. The fact of the presence of the defendant where the property was secreted is shown by the testimony of witnesses not accomplices, and is not to be doubted. The corroboration need only be by circumstantial evidence. *State v. Miller*, 65 Iowa, 60 (21 N. W. Rep. 181). It seems to be appellant's thought that the corroboration must be of the particular fact, or facts, testified to by the accomplice, but that is not the law. The language of the statute is, "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense." Where the offense is shown to have been committed, and the testimony of the accomplices shows the defendant the guilty party, there must be other evidence tending to show the fact that defendant did it. It is not necessary that there should be corroboration as to all material matters testified to, but evidence tending to show that any of such facts are true, is corroboration, and the jury is to judge of the weight of such corroborative evidence. *State v. Allen*, 57 Iowa, 431 (10 N. W. Rep. 805); *State v. Schlagel*, 19 Iowa, 169.

III. The court did not, in its instructions, define grand and petit larceny, but submitted to the jury the

inquiry as to whether the value- of the property exceeded twenty dollars, or not. The court said to the jury that, if there was a reasonable doubt as to the value, it should be resolved in favor of the defendant. The jury returned the value of the property at twenty-three dollars and twenty cents. We think, in view of the finding, that there was no prejudice to the defendant. In this connection it may be said that we think the evidence is sufficient to support the finding of the jury as to such value.

IV. The indictment charges the property as being in the possession, and under the control of the receivers of the Union Pacific Railway, naming them. The real name of one is Oliver W. Ames, and in the indictment it is, by mistake, Oliver W. Mink. The mistake is not fatal to the indictment. In other respects it was abundantly certain to identify the act, and in such a case an erroneous allegation as to the name of the person injured, when the offense involves such an injury, is not material. Code, section 4302; *State v. Emmons*, 72 Iowa, 265 (33 N. W. Rep. 672).

V. To the motion for a new trial is an affidavit of the defendant, in which he states that he was prejudiced by the testimony of one Limerick, who was a confederate in the crime, and a witness for the state, on notice served, which notice, as to its legal sufficiency, we have considered. It appears from the affidavit, that Limerick, since shortly after this indictment was returned, has been in the penitentiary at Ft. Madison, where defendant could not see him; that when brought back to be a witness, he was in the jail, and neither defendant nor his counsel were permitted to see or converse with him. It recites threats made by Limerick, in March, 1895, to send defendant to the penitentiary; that

Limerick had said that defendant was not concerned in stealing the brandy mentioned in the indictment, but that he was going to swear that defendant was concerned in the stealing; that this was said to one Cuppy, and that defendant did not learn of it until after the trial; and that it could be proven on another trial. It further states, that a strong prejudice existed against him in Council Bluffs at the time of the trial, but not then known to him. The affidavit also states that defendant did not have a fair trial, because of prejudice; that two of the jurors, living away from Council Bluffs, beyond the prejudice, stood for his acquittal for forty-five hours. There is no claim that there was an effort, by either the defendant or his attorney, to see and talk with Limerick when brought back for the trial. In some respects, this affidavit is a statement of conclusions, based on information, rather than personal knowledge, and in some instances, mere hearsay statements. Carefully considered, the affidavit is a feeble showing for a new trial. There is nothing in it to justify us in disturbing the holding of the district court on the question.

VI. The sentence was to three years and nine months in the penitentiary, at hard labor, and there was a judgment for the costs. It is urged that the judgment is excessive. Viewed alone in the light of the particular articles taken, we might think so. But the record shows that on the night of the theft in question, other articles were also stolen by the party, and there is much in the record to show that he was one of an organization for such purposes. His guilt is beyond question, and the judgment must stand AFFIRMED.