STATE OF IOWA, Appellee, v. W. R. DORSEY, Appellant.

Criminal law: LARCENY: CORROBORATION OF ACCOMPLICE: SUFFICIENCY.
The corroboration of an accomplice which the statute requires
need not be of every material fact of which he has testified; but
if such corroborating evidence, whether direct or circumstantial,
is sufficient to establish the truth of some material part of his
testimony, and leads to the conclusion that he spoke the truth
regarding other uncorroborated matters, it will be sufficient; and
generally the question of its sufficiency is for the jury. In this
action the corroborative evidence is held to take the case to the
jury and to justify conviction for larceny.

*Appeal from Boone District Court.*—HON. R. M. WRIGHT,
Judge.

TUESDAY, MARCH 5, 1912.

DEFENDANT was indicted, tried and convicted of the
crime of larceny, and from the judgment imposed, appeals.
—*Affirmed.*

*D. G. Baker,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,*
Assistant Attorney-General, for the state.

DEEMER, J.—On the night of April 3, 1911, the au-
tomatic pay station of the Boone County Telephone Com-
pany, located in the Holst Hotel, in the city of Boone, was
broken into, and $44.65 taken therefrom. In the station
there were two boxes or receptacles for money, and the morn-
ing following the larceny one of these was found on the
parking adjacent to the Northwestern Railway Depot in
said city, and the other was found in the cellarway of the

hotel; it being a stairway connected with an adjoining building occupied as a book store. Defendant had been a fireman at the hotel for a short time prior to the larceny, and one Coleman, a confessed accomplice, was night clerk and porter at the time the station was robbed. Coleman was a witness for the state, and he gave the following account of the transaction:

He (defendant) asked me if there was anybody in there, and if there was anybody around the house but me, and I told him 'No.' He walked around the hotel a little while, and asked me if I met the trains during the night, and I told him, 'No.' I was around a while, and he asked if I had ever broken into any of these telephone booths, and I told him, 'No.' Then he suggested the scheme. He asked me if I would go in with him to break them open. I did not want to do it. Then he said it was easy, and they could not find out who done it or anything. Then I told him I did not care, that I would not do anything if the job was done, so he done it. Then I told him, if he wanted to get away, I would meet the train, and he could do it while I met the train. He said all right, for me to leave and give him time to catch No. 1. I told him I would. I came back, and he left, and I told the police. He was to give me a division of the money. When I came back from the Northwestern station that night, the boxes were broken open. He had the boxes there in his hand. He gave me between $15 and $20 of the money—I never counted it—and he kept the rest. He wanted me to go out on the train with him. I told him, if I did not report it, they would find it in the morning, and I would get into trouble. He said it would not do any good to report him, that he could leave on the train, and he could get out of it. He left one of the boxes with me, which I threw down to the bottom of the stairs that goes down from the basement. The money in it was in dimes, nickels, and quarters. He first came into the hotel two or three nights before that. It was twelve or one o'clock. It was not the same night when he talked with me first about robbing these telephone boxes. It was the night he first came in. The next night he came in and went right out. We had it all planned then.

This testimony is very direct and certain, but, as it came from the mouth of an accomplice, it was not sufficient to justify a conviction, unless corroborated by other evidence "which shall tend to connect the defendant with the commission of the offense." Code, section 5489. And the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. It is not necessary that the corroboration be of every material fact. If it be such as to satisfy the jury that the witness spoke the truth in some material part of his testimony in which he is confirmed by unimpeachable evidence, this is sufficient if it leads to the conclusion that he also spoke the truth as to other matters for which there was no corroboration. *State v. Allen,* 57 Iowa, 431; *State v. Hennessy,* 55 Iowa, 299; *State v. Feuerhaken,* 96 Iowa, 299; *State v. Hall,* 97 Iowa, 400.

And, as a rule, if there be any corroborating testimony, the sufficiency thereof is for a jury. See cases just cited and *State v. Miller,* 65 Iowa, 60; *State v. Dietz,* 67 Iowa, 220; *State v. Van Winkle,* 80 Iowa, 15.

Again, the corroborating testimony may be circumstantial. In other words, it need not be direct. Whether direct or circumstantial, if it corroborates the testimony of the accomplice in any material part and tends to connect the defendant with the offense, it is sufficient. *State v. Schlagel,* 19 Iowa, 169; *State v. Stanley,* 48 Iowa, 221; *State v. Miller, supra.*

The following circumstances shown by the state are relied upon as sufficient corroboration. At or near the time of the larceny, which was during the late hours of the night or early in the morning, defendant was seen at the Northwestern Hotel or depot by a witness named Johnson, who worked at this hotel. Defendant made inquiries of Johnson as to the time when west-bound trains were due on the Northwestern Railway, and was informed that one would leave in about fifteen minutes. As already stated, one of

the automatic pay boxes was found near the Northwestern depot.    The police were notified of the larceny shortly after it was committed, and they made search for the defendant, and could not find him.    He was located later at Sioux City, Iowa, and there arrested.    Defendant told the witness Johnson that he was going to take the incoming Northwestern train to Omaha, but, instead, he went to Sioux City. After defendant's arrest, he made contradictory statements regarding his whereabouts on March 31st and April 1st and 2d, and introduced testimony to show that he was not in Boone on April 2d or 3d.    Defendant's account of the time when he left Boone and as to the different places where he stopped, and as to the time consumed in making the trip from Boone to Sioux City, Iowa, is not convincing, and a jury was justified in finding that he was trying to shield himself and to misrepresent his whereabouts at the time the offense is said to have been committed.    While the testimony is not strong, we think it was sufficient to take the case to a jury and to justify the verdict returned.

No other points are made in appellant's argument; and it follows that the judgment must be, and it is, *affirmed.*