STATE OF IOWA, Appellee, v. LLOYD PATTEN, Appellant.

**CRIMINAL LAW: Evidence—Corroboration of Accomplices.** Principle reaffirmed that the corroboration of an accomplice may be by circumstantial evidence, and need not reach every disputed fact. Corroborative evidence reviewed, and held to go much further than simply to show ''the commission of the offense or the circumstances thereof.''

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MAY 10, 1921.

THE defendant was convicted of the crime of robbery, and appeals.—*Affirmed.*

*Parsons & Mills,* for appellant.

*Ben J. Gibson,* Attorney General, and *B. J. Flick,* Assistant Attorney General, for appellee.

FAVILLE, J.—On the morning of March 25, 1919, before banking hours, two men rapped at the door of the Iowa State

Bank, located near the corner of Sixth and Locust Streets, in the city of Des Moines, and obtained entrance on the pretense that they desired to make a deposit in the bank. These two men were John Keating and Robert Don Carlos. They displayed a considerable amount of money in currency, and conducted themselves as though they were about to deposit it in the bank, when they suddenly turned, and ordered the officers in the bank to thrown up their hands. They forced the officers into a lavatory in the back part of the bank, where they locked them in, and then took about $2,300 in money, war savings stamps of the value of about $1,100, government bonds of the value of $15,800, and certain waterworks bonds of the value of $5,000. They placed all of this in a blue kit bag, passed out of the front door of the bank on Locust Street, and then turned west and passed up the alley between Sixth and Seventh Streets, north to Grand Avenue. At that place, they entered an automobile, which was awaiting their arrival, and were immediately driven away in the car. They drove out through Highland Park, and, after they arrived in the country, the car was stopped, and the driver of the car went to a farmhouse, and asked permission of the farmer to drive the car down in the timber. This was done, and, in the seclusion of the woods, the loot which had been taken from the bank was divided into five equal parts: three parts were given to the man who drove the car, and the two men who had entered the bank took one part each. While they were in the woods, they burned some of the papers that had been taken from the bank. The following Sunday, the farmer and his wife were in the woods, and found a scrap of paper that had been taken from the bank, and also evidences of where other paper had been burned.

After dividing the spoils, the parties drove the car back toward Des Moines; and, while they were driving along Forest Avenue, one of the tires on the automobile went down, and it became necessary to stop and replace a rear wheel with a spare wheel which was being carried. While this was being done, the driver of the car went to a telephone, and telephoned the wife of Don Carlos to meet them in a taxi at East Twenty-Second Street and Grand Avenue, in Des Moines. The parties drove to

this point immediately thereafter, and were met by Mrs. Don Carlos in a taxi.

The two robbers, Keating and Don Carlos, then left, and went to a place on East Fourteenth Street, where they stayed for a time, and then went to the apartments of one Lizzie Christy on West Ninth Street, and later in the night, departed by train for St. Joseph, Missouri.

Both Keating and Don Carlos were witnesses in behalf of the State at the trial of this cause, and testified substantially as above set forth, and each testified that the appellant was the party who drove the car.

I. The question urged upon this appeal is whether or not there is sufficient evidence in the record to corroborate the testimony of these two parties, and to meet the requirements of Section 5489 of the Code, which is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

It must be conceded that, under this statute, unless there is other evidence than that of the accomplices which shall tend to connect the appellant with the commission of the offense, the conviction cannot be sustained; and also that the corroboration, by the very language of the statute, "is not sufficient if it merely show the commission of the offense or the circumstances thereof." There is abundant evidence in the record to sustain the testimony of these two witnesses as to the commission of the offense and the circumstances attending it. The question urged on this appeal, however, is whether there is sufficient evidence to corroborate the testimony of these two parties tending to connect the appellant with the commission of the offense.

The claim of the State was that the plans for the robbery were made at an apartment occupied by one Lizzie Christy, and that the parties met there on the morning of the robbery. The appellant testified in his own behalf that he had breakfast at Lizzie Christy's on the morning of the date of the robbery,

about 7 o'clock; that Don Carlos and his wife came in and ate; and that he is not positive whether Keating came in or not.

Mrs. Hazel Lynch, a witness in behalf of the State, testified that, on the morning of the robbery, she saw Lizzie Christy, the appellant, Don Carlos and his wife, and a gentleman, at Lizzie Christy's apartment.

The witness William Curan testified that he owned a Stutz car, during the month of March, which he kept at Rood's garage, and that he loaned it to the appellant a number of times. He could not say positively that he loaned it to the appellant the day of the robbery, but that appellant had it several times about that date; that, at one time about that date, when the appellant returned the car, there was something wrong with the hub cap on a rear wheel, and appellant told the witness that he had changed the tire on the car, and that the threads did not go back in place. The witness took the car to Rood's garage, this time when appellant brought it back, and got a new hub cap and had it fixed.

The proprietor of the garage testified that the Curan car was in the garage on the 25th day of March for repairs, and that the extra wheel was fitted on the spindle at that time, and that this took place after dinner.

Mrs. Don Carlos testified that, on the morning of the robbery, she received a telephone message from some man who asked her to meet her husband on the east side, and that she went in a taxi; that she saw the appellant on the street, and he told her to meet her husband up the street; that she went up the street, and met her husband and Keating.

The deputy sheriff testified that, while the appellant was in jail, he talked with him in reference to the robbery and the recovery of the bonds, and that appellant said to him:

"I will tell you what I will do and what I can do. I can get back between $12,000 and $15,000 worth of bonds."

He testified that appellant said that this would include the waterworks bonds and savings stamps, and that they would be returned, provided that the case against him and Lizzie Christy was dismissed.

The witness Graber testified that he lived on the road to Camp Dodge; that he knew the appellant, and had known him

about a year; that, some time in the latter part of March,—but the exact date he was unable to state,—the appellant came to his house, one morning, about the middle of the forenoon, and knocked at the door, and the witness recognized him; that appellant asked him if he had any objection to his going down into the woods, and told him that a couple of soldiers wanted to go down in the timber. At that time, the automobile was standing in the road in front of the house, and the witness told the appellant that it would be all right for them to go to the woods. He also testified that, a few days after the appellant had been to the house, he was down to the timber with his wife, one Sunday, and she found a slip of paper in the timber and a place where some paper had been burned.

Mrs. Graber was also a witness, and testified to the fact that, on a day in March, a man came to the door of their house, some time in the forenoon, and she heard him talking with her husband; and that, shortly after the robbery, she found a piece of paper and observed a pile of burnt paper in the woods on the farm.

The appellant was a witness in his own behalf, and denied that he had anything whatever to do with the robbery, and offered testimony explaining his whereabouts on the day of the robbery.

Upon this record, we are asked to hold that there was not sufficient evidence to corroborate the testimony of the two accomplices to justify the jury in returning a verdict of guilty against the appellant. We are not prepared to so hold. This evidence, offered in corroboration of the accomplices, went much further than to merely show the commission of the offense or the circumstances surrounding it. It went directly to the question of connecting the appellant with the commission of the offense. The corroborative testimony may be circumstantial in its character, and it is not necessary that there shall be corroboration of all of the circumstances testified to by the accomplices.

In *State v. Dorsey,* 154 Iowa 298, we said:

"It is not necessary that the corroboration be of every material fact. If it be such as to satisfy the jury that the witness spoke the truth in some material part of his testimony, in which

he is confirmed by unimpeachable evidence, this is sufficient, if it leads to the conclusion that he also spoke the truth as to other matters, for which there was no corroboration. *State v. Allen,* 57 Iowa 431; *State v. Hennessy,* 55 Iowa 299; *State v. Feuerhaken,* 96 Iowa 299; *State v. Hall,* 97 Iowa 400. And, as a rule, if there be any corroborating testimony, the sufficiency thereof is for a jury. See cases just cited, and *State v. Miller,* 65 Iowa 60; *State v. Dietz,* 67 Iowa 220; *State v. Van Winkle,* 80 Iowa 15. Again, the corroborating testimony may be circumstantial. In other words, it need not be direct. Whether direct or circumstantial, if it corroborates the testimony of the accomplice in any material part, and tends to connect the defendant with the offense, it is sufficient. *State v. Schlagel,* 19 Iowa 169; *State v. Stanley,* 48 Iowa 221; *State v. Miller,* supra.''

The corroborative testimony in the instant case was sufficient to carry the question to the jury, and it was for it to determine its weight, credibility, and sufficiency to establish the guilt of the appellant.

II.    It is also urged that the evidence in the case as a whole was insufficient to justify a conviction of the appellant, and that we should reverse for this reason. It is strenuously argued that the two accomplices changed a portion of their testimony in regard to material matters during the trial, and that they were not entitled to belief for this reason, and that, upon the whole case, the evidence is insufficient to sustain a conviction.

We have set out enough to indicate the general character of the evidence. We have examined the record with care, and we are satisfied that there was sufficient evidence to justify the verdict of the jury; or, in other words, the case is not so lacking in evidence in behalf of the State as to warrant interference by this court.

We find no error in the record, and the judgment appealed from must be—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.