STATE OF IOWA, Appellee, v. WILLIAM STADER, Appellant.

CRIMINAL LAW: Corroboration of Accomplice. The corroboration of an accomplice is sufficient if it tends to show, directly or circumstantially, that an incriminating fact testified to by the accomplice is true.

*Appeal from Polk District Court.*—LESTER THOMPSON, Judge.

NOVEMBER 14, 1922.

DEFENDANT was indicted for the crime of larceny, and appeals from a conviction and sentence on said indictment.—*Affirmed.*

*S. B. Allen,* for appellant.

*Ben J. Gibson,* Attorney General, and *Arthur Rippey,* for appellee.

FAVILLE, J.—The appellant was indicted jointly with two others, the indictment charging that, on or about the 16th day of October, 1918, the said parties stole certain automobile tires from a car belonging to the Minneapolis & St. Louis Railway Company. Upon the trial of the cause, the accomplices of the appellant in the commission of said larceny testified fully in re-

gard to the details connected therewith. The appellant is a switchman. According to the testimony of the accomplices, the appellant, together with three other parties, met at appellant's house at about ten o'clock on the night of October 16, 1918. Appellant lives near the railroad tracks of the Minneapolis & St. Louis Railway Company, and, according to the testimony of the accomplices, the appellant and three others broke the seals of several box cars and took therefrom a considerable amount of merchandise, including several automobile tires. They testified that these were placed in a pushcart and taken to the appellant's house, a short distance from the point where the larceny took place; that the tires were carried into the appellant's house; and that all of the parties went into the house, and one of them telephoned to one Courson, who shortly afterward came to appellant's house and purchased a portion of the tires and paid for the same in appellant's house. One witness also testified that, at the time of breaking into the box cars, the appellant injured his hand, and caused the same to bleed.

One accomplice testified that he saw the purchaser hand the appellant a ten-dollar bill, as part of the purchase price of the tires.

I. It is insisted by the appellant that there is no sufficient corroboration of the accomplices. Section 5489 of the Code is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The question presented on this appeal at this point is whether or not there is in the record sufficient corroborative evidence to meet the requirements of this statute.

The witness Courson, who purchased the tires, was not an accomplice in the larceny, and testified as a witness for the State. From his evidence it appears that he went to the home of the appellant on the evening in question, and that at that time there were several men there; that appellant with two others was in front of the house when the witness drove up; that he

talked with them about purchasing some automobile tires, and paid them $25 in cash for two tires. He testified that he got the tires from the appellant at his house that evening; that they were in the house when he purchased the tires; and that they were taken from the house and put in the witness's car. He said:

"I dealt with Stader that evening the same as I did with the other men that evening, as they were all together. It was paper money I paid out to them. They were all talking about these tires."

Another witness for the State, who was not an accomplice, testified that, on the morning of October 17th, he was at the appellant's house, and asked him how he got his hand hurt; and that appellant said he cut it on a box with wire around it, the night before. During the morning of said day, this witness heard one of the accomplices state to appellant that all of the tires had been sold except three.

Under the statute, it is not necessary that the accomplice shall be corroborated in every material fact to which he testifies. It is sufficient if the corroboration tends to connect the defendant with the commission of the offense. *State v. Bosch*, 172 Iowa 88; *State v. Allen*, 57 Iowa 431; *State v. Dorsey*, 154 Iowa 298. The corroboration of an accomplice may be circumstantial. *State v. Miller*, 65 Iowa 60; *State v. Stanley*, 48 Iowa 221.

There was evidence in this case to corroborate the testimony of the accomplices, and tending to connect the defendant with the commission of the offense charged. This is all that the statute requires.

The court did not err in refusing to direct a verdict for the appellant on the ground that there was no corroborating evidence tending to connect him with the offense charged.

II. It is urged that the verdict does not have sufficient support in the evidence, and that the court erred in refusing to grant a new trial because thereof.

There was sufficient evidence to take the case to the jury. The verdict has substantial support in the evidence. The court did not err in refusing to grant a new trial.

We find no error in the record justifying any interference

on our part, and the judgment of the trial court is, therefore,—
*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.