The State v. Hennessy.

2. STATUTE of limitations: action against non-resident.

AFFIRMED.

THE STATE v. HENNESSY.

1. **Criminal Law:** EVIDENCE: CORROBORATION OF ACCOMPLICE. It is not necessary that the testimony of an accomplice should be corroborated as to every material fact to which he testifies; if corroborated as to some of such facts, the jury may believe that he speaks the truth as to all.

2. ———: INSTRUCTION: REASONABLE DOUBT. In submitting a criminal case to the jury, a general instruction stating the rule as to reasonable doubt is sufficient, and it need not be repeated in other instructions relating to the separate facts of the case.

*Appeal from Allamakee District Court.*

THURSDAY, DECEMBER 16.

THE defendant was tried and convicted of arson, the charge being that he set fire to and burned a two-story frame building in the night-time, which building was owned and occu-

pied as a dwelling-house by one Farnsworth.    Defendant appeals.

*John T. Clark & Co.* and *O. J. Clark,* for appellant.

*J. F. McJunkin, Attorney General,* and *Cyrus Wellington, District Attorney,* for the State.

Rothrock, J.—I.   C. H. Wood and Henry Hewitt, witnesses in behalf of the State, testified in substance that on the night of August 16, 1878, they were in the saloon of the defendant, drinking; that after others had gone away the defendant gave Wood a ball of candlewick which he had soaked in kerosene oil, and told him to put it in a ·certain opening in the side of Farnsworth's building, and set it on fire; that Wood put the wicking in the opening and Hewitt fired it.   The building was destroyed by fire on the same night.

It is claimed that the said witnesses, being accomplices, were not sufficiently corroborated under section 4559 of the Code to authorize a conviction.   We think otherwise.   If the jury gave credence to the testimony of other witnesses as to the admissions of the defendant, there was sufficient corroboration.   One witness testified that defendant said that all he did was to soak the ball of candlewick in kerosene, and that Wood and Hewitt brought it into the saloon, and he thought they were " fooling."

II.   It is insisted that there is no evidence corroborating Hewitt and Wood upon the fact that they willfully set fire to the building.   In other words, it is claimed that the *corpus delicti* must be·estabished by corroborative evidence.   It is not necessary that the accomplice should be corroborated in every material fact to which he testifies.   " The rule is, that if a jury are satisfied that he (the accomplice) speaks the truth in some material part of his testimony, in which they see him confirmed by unimpeachable evidence, this may be ground for their believ-

1. CRIMINAL LAW: evidence: corroboration of accomplice.

ing that he also speaks the truth in other parts as to which there may be no confirmation." Roscoe's Criminal Evidence, 156; *State v. Schlagel*, 19 Iowa, 169.

Now if these accomplices were corroborated in the very material fact as to the defendant preparing the combustible material with which to fire the building, under the above rule the jury were fully warranted in finding that the accomplices testified truly as to the fact that a crime was committed.

III.  The court instructed the jury that the burden was on the State to establish the defendant's guilt beyond a reasonable doubt.  A reasonable doubt was also properly defined, the definition stating that it must be such as fairly and naturally arises in the mind after comparing the whole evidence and deliberately considering the whole case.  In subsequent instructions, in speaking of the separate facts in the case, the court did not instruct the jury that these facts must be established beyond a reasonable doubt.  This was not necessary.  The general instruction was sufficient.  *State v. Stewart*, 52 Iowa, 284. If the jury in considering the whole case have reasonable doubt upon any essential ingredient of the offense, this enti- tles a defendant to an acquittal, because it generates a doubt of guilt, and the general instruction upon reasonable doubt which is usualy given, need not be repeated in each instruc- tion which relates to the facts of the case.

*2. ———: in- structions: reasonable doubt.*

IV.  The seventh instruction to the jury was as follows: " Admissions made by the defendant to detective Smith, and other admissions made to Moran and to the deputy sheriff, Bathan, are competent evidence, and if you find that they tend to connect the defendant with the commission of the offense, then the accomplices are corroborated."  It is urged that this instruction assumes that the admissions were made as testified to by said witnesses.  The instruction would have been plainer if it had directed the jury that it was for them to find from the evidence whether such admissions were made. But that there were conversations between these witnesses

and the defendant the evidence shows without conflict, and as the jury were required by the instruction to determine the effect of such interviews, and whether they tended to connect the defendant with the commission of the offense, we think the instruction was not misleading. It may further be said that the court, in the eighth instruction, gave the jury the rules to be observed in determining the value to be given to evidence of admissions, and these rules when applied to the seventh instruction, it seems to us, explained the apparent assumption therein contained.

We have examined the record with care, and find no error The judgment of the District Court must, therefore, be

AFFIRMED.