STATE OF IOWA V. WILLIAM RUSSELL, Appellant.

Accomplice: Corroboration: INSTRUCTIONS. Code, 4559, provides that a corroboration of an accomplice which merely shows the commission of a crime, or, "the circumstances thereof," is insufficient. The court charged that a corroboration was insufficient which showed the commission or, "circumstances thereof," leaving out the "the" in the statute. *Held*, that such instruction did not rule, that if evidence showed but part of the circumstances it was no corroboration, but, if it disclosed all of them, it was. (2)

SAME. That, *inter alia*, the person charged was seen with the accomplice near the scene of a larceny at about its time, and that the two, later, attempted to sell property of the character stolen at less than value, may be a sufficient corroboration of the accomplice. (3)

Evidence. Testimony that a person ordered knives with other things, and received a box containing all ordered except the knives, is admissible on a charge of larceny from a car, in connection with evidence that the box received was in the car alleged to have been stolen from. (1)

*Appeal from Wapello District Court.*—HON. W. I. BABB, Judge.

TUESDAY, MAY 8, 1894.

THE defendant was jointly indicted with Spencer Gile for the crime of feloniously breaking and entering a certain railroad car, with intent to commit larceny. The defendant Russell was separately arraigned, tried and convicted, and adjudged to be confined in the penitentiary at Fort Madison at hard labor for one year, from which judgment he appeals.—*Affirmed.*

*W. A. Work* and *J. F. Blake* for appellant.

*John Y. Stone,* Attorney General, and *Walsh & Lewis* for the state.

GIVEN, J.—I. The state called Thomas Healy, who testified that he was engaged in the hardware business

in Ottumwa; that, in June, 1891, he ordered a bill of hardware from a firm in New York, including one dozen pocket knives of a certain make, through a traveling agent of said firm, who wrote the order down. Mr. Healy was permitted to testify, over the defendant's objections, that the order included pocket knives of a kind which he had previously seen; that a knife shown him, marked as an exhibit, was a similiar pattern to the knives he bought. Mr. Healy testified, without objection, that he received an invoice for the goods ordered, including the knives, and that he received a box containing all the articles, except the knives. He also identified five knives shown him as of the same class and pattern as the knives he had ordered. Appellant contends that the testimony of Mr. Healy objected to was improperly admitted, for the reason that it does not tend to show that the pocket knives ordered were in the car. The evidence tends to establish two facts, namely, that, with other articles, Mr. Healy ordered one dozen pocket knives of a particular make, and that he received a box containing the other articles, but not the knives. We think this evidence was clearly admissible and important, when considered in connection with other evidence tending to show that the box received by Mr. Healy was in the car that is alleged to have been entered.

II.   Spencer Gile having been examined as a witness on behalf of the state, the court instructed the jury that he "is what is known as an accomplice, according to his own testimony," and further instructed as follows:   "Under the laws of this state, a person can not be convicted upon the testimony of an accomplice, unless he be corroborated by such other evidence in the case as shall tend to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or circumstances thereof."   The instruction is

in the exact language of section 4559 of the Code, except that the word "the" is omitted immediately preceding the concluding words "circumstances thereof." The instruction reads, "or circumstances thereof," while the statute is, "or the circumstances thereof." Appellant's contention is that the omission of the word "the" implies that less than all the circumstances would not be sufficient corroboration. We think the sense of the instruction would not have been changed by the use of the word "the," and that it presented to the jury with sufficient clearness the rule of the statute as to corroboration.

III. Appellant's further contention is that there is no evidence tending to connect the defendant with the commission of the offense, except that of the accomplice Gile, and that there is not sufficient corroboration of the accomplice to warrant a conviction. It is unnecessary that we here discuss the evidence. It is sufficient to say that, in our opinion, there was an abundant corroboration of the witness Gile tending to connect the defendant with the commission of the offense. We may mention, among the corroborating circumstances, the fact that appellant and Gile were seen together in the vicinity of the car about the time when the offense was committed, and that they were afterward together, selling knives, such as were purchased by Mr. Healy, at less than their value. It is argued that the instructions tend to confuse the jury as to the law. We find the instructions to contain a full and fair presentation of the law applicable to the case, and quite as favorable to the defendant as he was entitled to have them. Finding no errors in the record, the judgment of the district court is AFFIRMED.