STATE OF IOWA v. CLYDE COWELL, Appellant.

**Criminal law:** TESTIMONY OF ACCOMPLICE: CORROBORATION. Evidence corroborative of some material part of the testimony of an accomplice tending to connect the defendant with the commission of the

crime is sufficient to warrant conviction; but where the corroborative evidence does not relate to a material fact tending to connect the accused with the offense, it is not sufficient to satisfy the requirements of the statute.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, DECEMBER 13, 1910.

THE accused was convicted of the crime of burglary, and appeals.—*Reversed.*

*L. H. Salinger,* for appellant.

*E. A. Wissler,* County Attorney, and *H. W. Byers,* Attorney General, for the State.

LADD, J.—One Miller delivered twenty-eight tubs of butter to the Chicago & Northwestern Railway Company at Audubon for shipment to New York City, and these were placed in a refrigerator car. When the car reached Des Plaines, Ill., it was discovered that a tub of this butter was missing, and the evidence, other than that of Frank Way, tended to show that it was taken from the car at Carroll. Way testified that defendant entered the car at that place and handed the tub therefrom to him, and that, after concealing it for a time, the witness sold it and divided the proceeds with the defendant. The record is void of evidence, other than that of Way, tending in any manner to connect the defendant with the commission of the offense, though there was other testimony tending to prove that the offense had been committed, such as the sale of the butter and the circumstances tending to show that the car had been opened at Carroll, and the like.

In the eleventh instruction, the court quoted section 5489 of the Code, providing that: "A conviction can not

be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof"— and instructed that "an accomplice is a competent witness, the weight of his testimony and the corroboration thereof being left entirely to your judgment. And it is not necessary that the accomplice be corroborated in every material fact to which he testifies, but evidence tending to show that any of the facts are true is corroboration, and where the testimony of an accomplice is corroborated by other witnesses in any material point governed by these instructions, it is sufficient to convict, and the corroboration need not be by the testimony of one or more credible witnesses; it may be corroborated by circumstances."

Manifestly, the interpretation of the statute quoted was directly contradictory to its terms. While it has often been held that the evidence may be sufficient if it corroborates some material part of the accomplice's evidence tending to connect the defendant with the commission of the offense (*State v. Jones,* 115 Iowa, 113), in no case has the corroboration of any material point or fact not so tending to connect the accused with the offense been regarded as meeting the requirements of this statute. The instruction was erroneous, and, as the story of Way was without the corroboration exacted by law, an acquittal might well have been directed.

For the error mentioned, the judgment is reversed, and the cause remanded for another trial.—*Reversed.*