STATE OF IOWA, Appellee, v. HENRY WILLIAMS, Appellant.

No. 42305.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 27, 1934.

John J. Hess, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and Robert B. Organ, County Attorney, for appellee.

DONEGAN, J.—The defendant in this case was found guilty of the crime of robbery with aggravation, committed in Pottawattamie county, Iowa, and appeals to this court.

The only question presented for our determination is the sufficiency of the evidence to corroborate the testimony given by two accomplices in the commission of the crime. If there is sufficient in the evidence to amount to corroboration of the testimony of these witnesses, there is no question about the sufficiency of the evidence to sustain the conviction.

On the 29th day of April, 1932, the appellant took one Herbert Neighbors and Ralph Gilbreath with him in a sport model Chevrolet coupe which he had purchased on contract and made a trip to a point near Red Oak. When returning from this trip, he stopped in front of a grocery store and oil station operated by one J. O. Wilson about nine miles east of the town of Carson, in Pottawattamie county, Iowa. Gilbreath went into the store and asked for a can with which to put some water in the radiator of the automobile. Both he and Neighbors testified that when he returned with the water he gave the others the high sign, and that thereupon the appellant gave Neighbors a gun which he had in the automobile, and that Neighbors went into the store, held the gun on the owner of the store, took about $22 or $23 out of the cash register, and also took some candy and tobacco and the owner's watch. While this was going on, Gilbreath entered the store and assisted Neighbors in the commission of the robbery. The appellant remained outside, and, according to the testimony of Neighbors and Gilbreath, filled his tank from the gasoline pump. The appellant and his two companions then proceeded eastward, and, when about seven miles from the place of the robbery, Neighbors divided the money, which he had taken from the cash register, giving both appellant and Gilbreath a part thereof. After taking a circuitous route, appellant with his companions entered upon the highway that leads from Oakland to Council Bluffs, and a short distance west of Oakland they met the automobile dealer from whom the appellant had purchased the automobile, who took the automobile away from them. The three men then proceeded through the fields and afterwards upon the highway towards Council Bluffs, slept along the roadside during the night, and entered Council Bluffs the following morning. After spending a short time in Council Bluffs, Gilbreath and the appellant secured a ride to South Omaha. Later on the same day they returned to Council Bluffs, and toward evening they proceeded to Villisca, from which place they took a train to Missouri. Neighbors was arrested on the following day and charged with the crime, and, after about a week, the appellant and Gilbreath returned and gave themselves up. Both Neighbors and Gilbreath were convicted, and the appellant demanded a separate trial. Upon the trial of the case Neighbors and Gilbreath testified as witnesses for the state.

The appellant was a witness on the trial of the case, and admitted that he had made the trip to a place near Red Oak with

Neighbors and Gilbreath on the day of the robbery; that on the return trip he stopped his car in front of the store and gas station and Gilbreath went into the store and got some water to fill the radiator; that, after Gilbreath had brought out the water, both Neighbors and Gilbreath went into the store and appellant remained outside; that, when Neighbors and Gilbreath came out of the store, they got into the car and appellant drove eastward; that when about seven miles east of the scene of the robbery Neighbors told him what had happened and paid him some money. He also admitted that the gun used by Neighbors in committing the robbery was one which he had borrowed from a relative sometime before, and was in the back part of his car at the time he started out on this trip to Red Oak, and admitted practically all the other matters relative to what transpired between the time the car was taken away from him and his return from Missouri substantially as testified by other witnesses. The appellant denied, however, that anything was said about a robbery before stopping in front of the store and gas station, denied that he had given the gun to Neighbors, and denied any knowledge of the robbery until he was told about it by Neighbors, and claimed that the money given to him by Neighbors was in payment of money which he had loaned.

Both Neighbors and Gilbreath testified that upon the return trip from Red Oak, as they approached the store and oil station, the defendant made the remark, in substance, "Here would be a good place to rob this filling station and get some money. You go and take the gun, go rob him." They also testified that the appellant gave the gun to Neighbors, told Gilbreath to go in the store, to disconnect the telephone, and that appellant would put gas in the car; that Gilbreath did go into the store, got a can with which to fill the radiator with water, and that when he came out he gave appellant and Neighbors the high-sign; that Neighbors went into the store and held the gun on the owner, took the contents of the cash register, the owner's watch, and some candy and tobacco; and that, while this was going on, the appellant put gasoline into his tank from the gas pump.

The owner of the store and gasoline station testified that after the robbery he discovered that between eight and nine gallons of gasoline had been taken from the pump.

One Tittsworth, a deputy sheriff, testified that, after Gilbreath and Williams had returned and surrendered, he had a conversa-

tion with the appellant, Gilbreath, and Neighbors, in reference to the robbery; that in this conversation Neighbors and Gilbreath, in the presence of Williams, related what had taken place at the time of the robbery; told about the suggestion of the holdup being made before they got to the store and gas station; told about Gilbreath going in the store and looking over the situation and coming out and giving them the high-sign; told about Neighbors taking the gun and going in the store and holding up the owner; and told about dividing the money taken from the cash register with appellant. This witness also testified that in this conversation he asked Neighbors how much money the appellant had received, and Neighbors replied, "About $7.50"; that he then asked the appellant if that was true, and that appellant replied, "Yes." This witness further testified that on the occasion of this conversation the appellant did not deny any of the statements made by either Neighbors or Gilbreath, and that he admitted that he tried to get gas out of the pump, but claimed that he was not able to do so.

Section 13901 of the Code of 1931 is as follows:

" * * * A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The appellant contends that the evidence of the accomplices merely shows the commission of the crime and the circumstances thereof, and does not tend to connect him with such commission. With this contention of the appellant we cannot agree. It is undisputed that the appellant was the owner of the gun which was used in the commission of the crime; that he stopped his car at the scene of the robbery; that he was within a few feet of the actual place of the robbery at the time it took place; and that he afterwards received a part of the money obtained in the commission of the crime. He denies that he took, or tried to take, any gasoline out of the pump while the others were in the store perpetrating the robbery, but the witness Tittsworth testified that he admitted that he tried to get some gasoline, but was unable to work the pump, and the victim of the robbery testified that between eight and nine gallons of gasoline were taken. The witness Tittsworth also testified that appellant was present and heard Neighbors and Gilbreath relate

the details of the robbery, including the suggestion made by him, the directions given in regard to the use of the gun, the statement that he would fill his tank with gasoline while they were in the store, and the payment to him of his share of the money taken, and made no objection or denial of any of these matters at that time. In addition to this, there is the undisputed evidence as to the circuitous route taken in leaving the scene of the robbery before entering on the road to Council Bluffs, the journey through the fields toward Council Bluffs, the night spent along the roadside, and the trip to Missouri.

We think that all this evidence, in connection with that of the accomplices, goes much further than merely to show the commission of the offense or the circumstances surrounding it. As stated in State v. Dorsey, 154 Iowa 298, 134 N. W. 946:

"It is not necessary that the corroboration be of every material fact. If it be such as to satisfy the jury that the witness spoke the truth in some material part of his testimony in which he is confirmed by unimpeachable evidence, this is sufficient if it leads to the conclusion that he also spoke the truth as to other matters for which there was no corroboration. State v. Allen, 57 Iowa 431, 10 N. W. 805; State v. Hennessy, 55 Iowa 299, 7 N. W. 641; State v. Feuerhaken, 96 Iowa 299, 65 N. W. 299; State v. Hall, 97 Iowa 400, 66 N. W. 725."

See, also, State v. Patten, 191 Iowa 639, 182 N. W. 788; State v. Christie, 193 Iowa 482, 187 N. W. 15; State v. Gill, 202 Iowa 242, 210 N. W. 120; State v. Arhontis, 196 Iowa 223, 194 N. W. 209; State v. Gaskill, 200 Iowa 644, 204 N. W. 213; State v. Lozier, 200 Iowa 652, 204 N. W. 256; State v. Hart, 205 Iowa 1374, 219 N. W. 405.

In our opinion, the corroborative testimony in the instant case was sufficient, and it was for the jury to determine its weight and credibility. We find no error in the record, and the judgment appealed from is hereby affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.