STATE OF IOWA, Appellee, v. OSMAN C. SIGMAN, Appellant.

No. 42542.

June 21, 1935.

Price & Burnquist, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, Assistant Attorney General, and Tom Boynton, for appellee.

KINTZINGER, J.—Defendant was indicted by the grand jury of Winnebago county for the crime of breaking and entering the garage of Earl Zimmerlee, at Thomas, Iowa, during the night of November 3, 1933. He entered a plea of not guilty, was tried by a jury in the district court of Winnebago county at the January term, 1934, and found guilty. A motion for a new trial was overruled, judgment was entered on the verdict, and defendant was sentenced to imprisonment in the state penitentiary. Defendant appeals.

The evidence shows that during the afternoon of November 3, 1933, the defendant and a companion stopped at Zimmerlee's garage at Thomas, Iowa, and purchased ten gallons of gasoline and two quarts of oil. During their stop they were in and about the garage for about twenty minutes. The defendant was not seen at or around the garage thereafter, and was convicted

purely upon circumstantial evidence. The garage was broken into between the time it closed that night and the next morning.

As a result of the breaking and entering, two quarts of oil, a number of automobile tires and inner tubes were taken away, three being regular Lee tires, 21x4½; one Leland tire of the same size, and two other Lee tires, 18x5¼. Lee tires of the size taken are in general use on small cars, such as Fords, Plymouths, Model-T Fords, and other makes throughout the United States and in the country around Thomas, Iowa.

A safe in the building was broken open on the night of the burglary and papers from it were scattered about the floor in front of it. A folded piece of paper with the heel mark of a Hanan shoe on it was found lying on the floor a little to one side of the papers scattered on the floor. This paper was identified as Exhibit A. Two photographs of it, marked Exhibits B and C, taken on the same day, were also admitted in evidence over objection.

The defendant was arrested on November 14, 1933, at which time he was wearing a pair of Hanan shoes, which were offered in evidence over defendant's objection as Exhibit D.

At the time defendant was arrested, he also had possession of a Ford V-8 car having the same license number as the car defendant was driving on the afternoon of November 3, 1933, when he stopped for gas and oil at the Zimmerlee garage. The two rear wheels of this car were equipped with practically new Lee tires. These tires were taken from his car and also offered in evidence as Exhibit E. No testimony was offered tending in any manner to show that the Lee tires found upon defendant's car were among the tires taken from the Zimmerlee garage. None of the other tires, inner tubes, or oil taken from the Zimmerlee garage were found in defendant's possession.

At the close of the evidence, defendant moved to strike Exhibits A, B, C, D, and E as incompetent and not tending to connect defendant with the commission of the crime charged. This motion was overruled. The case was submitted to the jury, which returned a verdict of guilty. Thereupon, defendant filed a motion for a new trial, which was overruled. One of the grounds of the motion for a new trial is the court's failure to withdraw from the jury a consideration of Exhibits A, B, C, D, and E.

■■■ I. Exhibit A was a folded slip of paper found upon the floor of the garage containing the right heel mark of a Hanan shoe. Exhibits B and C were photographs of Exhibit A taken shortly after it was found. Exhibit D are the Hanan shoes found on the defendant when arrested. These exhibits were offered as connecting links in the chain of evidence tending to connect defendant with the commission of the crime charged. The evidence shows that the Hanan shoe is a well-known make in general use throughout the country.

In order to convict upon circumstantial evidence, it is necessary to show that all of the circumstances shown are inconsistent with other rational theory of innocence. The fact that a heel mark was found upon a slip of paper lying on the floor near the safe might be a strong circumstance tending to connect the defendant with the commission of the crime, (1) if the evidence showed that the heel mark on the exhibit had distinctive peculiarities on it similar to those on the heel of defendant's shoe, and (2) if it further appeared that there was no heel mark upon the paper before the garage was broken into on the night of November 3, 1933.

These exhibits have been certified up and we find absolutely no marks or peculiarities thereon which would in any manner distinguish them from footprints that could be made by other Hanan shoes. From aught that appears from the evidence, this heel mark might have been on that slip of paper before November 3, 1933. If it was, the entire structure of the state's evidence would fall. This fact, therefore, is a necessary link in the chain of evidence connecting defendant with the commission of the crime charged. It cannot be assumed that it was not on the paper before the burglary, simply because it was found with an imprint on it the next day. This also applies to Exhibits B and C. The burden is upon the state to establish the defendant's guilt beyond a reasonable doubt, and is not upon the defendant to establish his innocence. Where it is sought to establish a defendant's guilt by circumstances, every link in the chain of evidence must be so established. Criminality is never presumed, but must be established by proof. State v. Ivey, 196 Iowa 270, 194 N. W. 262; Kutchera v. Graft, 191 Iowa 1200, 184 N. W. 297, 26 A. L. R. 1257; Bomgren v. Hanish, 194 Iowa 1117, 191 N. W. 79. What has been said in reference to Exhibits A, B, and C applies equally to the shoes, Exhibit D.

If, therefore, the evidence fails to show the absence of heel marks on Exhibit A prior to the time of the burglary, the admission of the shoes would also be erroneous.

The state contends that under the rule announced in State v. Norman, 135 Iowa 483, 113 N. W. 340, footprints are properly admissible in evidence. This is true in a proper case. The instant case is distinguishable from State v. Norman in the fact that it there appeared that the footprints near the place of the crime were similar to those made by the defendants and another person who was seen with him during the night, along a road leading from the place of the crime to the defendant's residence. In that case it also appeared that the footprints were made on the night the crime was committed. In the instant case, there is not a word of evidence tending to show that the imprint on Exhibit A was made on the night of the burglary. In such event and when there is no evidence of any peculiar distinctive characteristics common to the footprints and the shoes, they are not admissible. Johnson v. Craig, 172 Iowa 401, 154 N. W. 584; State v. Burch, 195 Iowa 427, 192 N. W. 287, 31 A. L. R. 198.

■■■ II. Error is also claimed because of the admission of the Lee tires taken from the defendant's car on November 14, 1933. The evidence in this case shows that Lee tires similar to those taken from the Zimmerlee garage are in general use throughout the United States and the country around Thomas. The tires offered in evidence were not identified in any manner as being those taken from the Zimmerlee garage. Neither the owner of the garage, nor his employee, could identify the tires found on defendant's car as being those taken. No other tires, no Lee inner tubes, or any other things taken from the garage were found in defendant's possession. While there was some testimony on the part of the state's witnesses tending to show that the rear tires on defendant's car on November 3, 1933, were old, there was also evidence offered by the state tending to show that the rear wheels of defendant's car were equipped with new tires for two or three weeks prior to the time he was arrested; this would have been prior to the burglary. A doubt as to the competency of this testimony should be resolved in favor of defendant. 16 C. J., 562, section 1090; State v. Walker, 192 Iowa 823, 185 N. W. 619. One of the necessary links in the chain of evidence necessary to connect the defendant with the commission of the crime charged was that the tires found in his

possession were those taken from the garage. In the absence of such identification, the admission of the tires was highly prejudicial to the defendant, and should have been withdrawn from the jury. State v. Kehr, 133 Iowa 35, 110 N. W. 149; State v. Walker, 192 Iowa 823, loc. cit. 836, 185 N. W. 619, 626. We think this case is controlled by State v. Walker, supra. In that case this court said:

"No testimony was given by the police officers * * * that the tires or casings secured were the tires and casings taken from * * * warehouse, broken and entered as charged. * * * The evidence tended to prove that the tires in question were brought to Webster City from Ft. Dodge, where they were taken in a liquor raid, and nothing more. They were not in any sense identified by any one as the stolen property from the Parkhurst warehouse."

The testimony in the instant case further shows that when questioned about the tires found on his car, the defendant said he purchased them in Chicago about three weeks prior to the time he was arrested.

It is our conclusion that the admission of the testimony referred to was erroneous, and it should have been withdrawn. If the defendant can be convicted under the evidence offered in this case, then any person wearing Hanan shoes and driving a car equipped with Lee tires of the size found on defendant's car might also be convicted of the same offense. We are constrained to hold that the motion for a new trial should have been sustained. Other errors are assigned, but as they are not likely to arise on a retrial, we deem it unnecessary to consider them.

For the reasons pointed out, we believe the court erred in overruling defendant's motion for a new trial, and the judgment rendered is, therefore, hereby reversed.—Reversed.

ANDERSON, C. J., and all Justices concur.