STATE OF IOWA, appellee, v. BILL GATES, appellant.

No. 48389.

(Reported in 67 N.W.2d 579)

DECEMBER 14, 1954.

Don H. Jackson, of Council Bluffs, and George O. Hurley, of Harlan, for appellant.

Leo Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and William O. Lewis, County Attorney, of Harlan, for appellee.

LARSON, J.—The Rosenthal Hardware and Electric Appliance Store in the town of Portsmouth, Iowa, was entered in the early morning of January 27, 1953, and a great deal of merchandise, including a Brownie Kodak flash camera, a Duroflex tooled camera by Eastman, and kit, a quart thermos bottle, and some cartons of flash bulbs, was missing. A Brownie Kodak flash camera (Exhibit 1), a quart thermos bottle (Exhibit 3) and two cartons of flash bulbs (Exhibits 4 and 5) were found in defendant's car when he was apprehended by the Shelby County sheriff in Omaha, Nebraska, on March 1, 1953. On March 2, 1953, a Duroflex tooled camera by Eastman in a kit (Exhibit 2) was found in the apartment of Ray Bergman in Omaha, an alleged accomplice of the defendant who later testified for the State. These articles were introduced in evidence over the objections of defendant that they were irrelevant and immaterial and not properly identified. Based upon their relevancy and the testimony given therewith, the trial court under proper instructions on the necessity for corroboration of accomplice's testimony, submitted the case to a jury which found defendant guilty. Defendant now contends the trial court erred in admitting into

evidence Exhibits 1, 2, 3, 4 and 5, contending that they were not properly identified and that they did not tend to connect the defendant with the alleged crime, as required by statute, that they failed to corroborate the testimony of the alleged accomplices, and that they were prejudicial to the defendant. Motions for a directed verdict at the close of the State's evidence, at the end of all testimony, and a motion for a new trial based upon the same contentions were overruled by the court and these rulings form the basis of the alleged error.

This is a typical accomplice case involving the sufficiency of evidence to warrant submission to a jury. The involved statute of many years standing, now section 782.5, Code of Iowa, 1954, provides: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

I. We have said repeatedly this statute does not require that corroborative evidence go to the whole case, and it is sufficient if some material part of the accomplice's evidence be corroborated. This may be by direct or circumstantial evidence which shall tend to connect the accused with the commission of the offense charged. State v. Dorsey, 154 Iowa 298, 134 N.W. 946; State v. Arhontis, 196 Iowa 223, 194 N.W. 209; State v. Thom, 236 Iowa 129, 17 N.W.2d 96.

Here the testimony of the two alleged accomplices, Kurtz and Bergman, was substantially as follows: They were invited by the defendant to "make some easy money" by selling merchandise obtained by breaking into business establishments. They drove to Portsmouth, Iowa, in defendant's car on the night of the robbery and defendant took a tire tool and screwdriver from the car to use in gaining entrance to the hardware store. Several boxes of appliances, including one camera similar to that found in defendant's car, guns, razors, and other merchandise, were removed from the store by defendant and loaded into the automobile by the accomplices. Among the articles brought out by the defendant was a quart thermos bottle similar to one he already had in the car. He placed it on the ledge of the back seat of the car stating "I will keep this in my car." The camera (Ex-

hibit 1) was a camera which accomplice Kurtz said "looks just * * * like it would be one that was taken from the hardware store at the time." Upon their return to Omaha defendant sold the loot with the exception of a few items, and divided the money which netted each about $110. By agreement Bergman kept the camera (Exhibit 2) found in his apartment, and admitted it was taken from the store in Portsmouth with the other merchandise.

The sheriff testified he examined the premises the morning after the robbery and discovered marks on the door and doorframe which he determined were made by a flat tire tool and a $\frac{7}{16}$-inch screwdriver. He determined entrance was gained by forcing the door in this manner.

The store proprietor, Mr. Rosenthal, testified Exhibit 2 "is the same type camera" that was taken that night, and he recognized it as a carton from his store. However, he also said he could not be positive the camera in the carton was the same camera stolen from the store on January 27. Exhibit 5 was a carton of flash bulbs which the owner identified as a carton from his store because he recognized the "price marking on it" as being made by himself. Several cartons of that kind were taken from the store on January 27, but he could not say positively when this one left the store.

As to the other carton of bulbs (Exhibit 4), the owner "couldn't be positive" that he marked its price with a red pencil, and said he did not believe it could be his writing. Exhibits 1 and 3 the owner could not positively identify as having ever been in the store, though he was positive he had cameras similar to Exhibits 1 and 2 in the store on the night of the theft, and they were gone the next morning. Rosenthal further testified the condition of the front door showed it had been jimmied with a bar and screwdriver.

Mr. Gallagher, the store clerk, testified he opened the store January 27, 1953, and discovered the theft. He identified Exhibit 2 as a camera set missing from the store, recalling the flash bulbs were removed from the carton about Christmas time. He further stated the carton bore the price mark placed thereon by him a few days before Christmas, 1952. It was in the store the night

before and missing the next morning. Exhibit 3, the thermos bottle, he remembered as to kind and type for it was a special order never delivered, and was thereafter displayed with the other appliances later found missing. However, he was not sure it was there the day before. We have set out enough to indicate the general character of the evidence.

It must be clear that with the exception of Exhibits 2 and 5, positive identification is lacking. The missing items referred to as identical or similar to Exhibits 1, 3 and 4 were in the store prior to the theft and were gone the next day. Obviously many items of merchandise today have little or no distinguishing mark, and any attempt to positively identify them would be questionable if not dishonest. Positive identification, though helpful, is not absolutely necessary, for other circumstances may aid in generating a jury question as to their actual identity.

The trial court as a matter of law here determined such evidence did tend to connect the defendant with the commission of the offense and submitted to the jury the question as to whether or not the articles were in fact those taken from the store. If the court's ruling was correct and if the jury believed these articles were in fact the ones taken from the store on the night in question, that fact would provide the corroboration required to justify the consideration of the testimony of the accomplices, and sustain the verdict of guilty.

■ II. Defendant's primary complaint is that the evidence failed to establish the fact the articles found in his possession were stolen from the store. We have held many times that in establishing such a fact the evidence need not be direct, but may be circumstantial. State v. Johnson, 210 Iowa 167, 230 N.W. 513.

We find added support in State v. Stennett, 220 Iowa 388, 394, 260 N.W. 732, 736, where we pronounced: "The general rule is that the identity of stolen goods may be proven by direct or circumstantial evidence; the weight, credibility, and sufficiency of the same being a question for the jury."

■ Under this rule we believe the trial court was right in submitting the question of the identity of the property to the jury, and we note no objections were made to the court's instructions thereon by defendant's very able counsel. There are material circumstances disclosed by the evidence tending to con-

nect the defendant with the commission of the offense. The sheriff testified as to the condition of the door and doorjamb the morning after the entrance to the store had occurred. The finding of not one but several items in defendant's possession that compared in style, form and make with those that disappeared from the hardware store, together with a positive identification of one item price-marked by the store owner as having been obtained at that store, is significant. True, it was not shown exactly when that item was obtained at the store, but the defendant recognized its inference and put his wife upon the stand to deny it was obtained in Iowa, claiming she purchased it in California, if it was the one found in the car.

We are satisfied there was sufficient material evidence tending to connect the defendant with the commission of the offense, independent of the testimony of the accomplices.

In this regard we are mindful of the line of authority upon which defendant relies. See State v. Cowell, 149 Iowa 460, 128 N.W. 836; State v. Duncan, 158 Iowa 652, 138 N.W. 913; State v. Walker, 192 Iowa 823, 185 N.W. 619; State v. Sigman, 220 Iowa 146, 261 N.W. 538. In the cases cited by defendant we find no evidence or circumstance which would create even an inference of involvement by the defendant in the commission of the offense, outside the testimony of an alleged accomplice. If here the only item offered were Exhibit 2 with the testimony of the sheriff and the accomplice Bergman, we would have a situation wherein we have consistently and rightfully held there was no corroboration to justify jury consideration of the case. Presently we have much more, and we must determine the authorities cited us are not in point. On the other hand we have found no case where we have held that where some material circumstance or other evidence tends to connect the defendant with the offense by placing him in the vicinity or with the accomplice in the neighborhood at the time the offense was committed, it would not justify jury consideration of the case. State v. Russell, 90 Iowa 493, 58 N.W. 890; State v. Brandt, 242 Iowa 382, 44 N.W.2d 690.

In Wharton's Criminal Evidence, Eleventh Ed., Volume 2, page 1293, we find: "If a question of fact as to the connection of the articles sought to be admitted with the defendant or the

crime is raised, the evidence should be admitted for the determination of the jury. The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility."

■ III.   Whether there is corroborative testimony is a question of law, but its sufficiency is a question of fact for the jury. State v. Kurtz, 183 Iowa 480, 482, 165 N.W. 355; State v. Williams, 218 Iowa 780, 254 N.W. 42; State v. Patten, 191 Iowa 639, 644, 182 N.W. 788; State v. Christie, 193 Iowa 482, 187 N.W. 15; State v. Cotton, 240 Iowa 609, 33 N.W.2d 880.

■ IV.   No general rule can be stated with respect to the quantum of evidence corroborating an accomplice necessary to warrant a conviction. Each case must be governed by its own circumstances. Evidence which merely raises a suspicion the accused is the guilty party of course is not sufficiently corroborative of the testimony of an accomplice to warrant a conviction, but it is also not necessary that the testimony offered as corroboration be entirely inconsistent with innocence. State v. Bosch, 172 Iowa 88, 153 N.W. 73; State v. Seitz, 194 Iowa 1057, 187 N.W. 695; State v. Clay, 222 Iowa 1142, 1146, 271 N.W. 212, 215.

■ In the Clay case we considered the quantum of evidence required and said: "The evidence adduced to corroborate an accomplice need not be strong and any corroborative evidence legitimately tending to connect the accused with the commission of the crime and thereby lend support to the credibility of the accomplice is sufficient."

Also see 22 C. J. S., Criminal Law, section 812, pages 1408–1411.

The defendant's primary complaint in State v. Johnson, 210 Iowa 167, 230 N.W. 513, also was that the evidence failed to establish the fact that the hogs stolen were the hogs of James Callender, and we said there the establishment of that fact need not be by direct evidence, but may be circumstantial. Recent possession of hogs that compared in color and weight with the hogs of Callender which disappeared at the time in question we called ample evidence from which the jury could find defendant in possession of stolen property.

■ IV-A.   There is of course a difference in the quantum of proof of identity necessary when the evidence is being used as

substantive proof of guilt and when it is being used to corroborate an accomplice. In a prosecution for larceny "the state must prove beyond a reasonable doubt the taking by accused of the identical thing charged * * *." 52 C. J. S., Larceny, section 132. Also, "Where guilt of burglary depends on possession of property stolen, the identity of the goods with those stolen must be established beyond a reasonable doubt." 12 C. J. S., Burglary, section 59(c), page 738.

On the other hand, "In order that accused's possession of property may be regarded as corroborative of the testimony of an accomplice such property must be identified, with reasonable certainty, as the property which was stolen; but a showing of general resemblance is sufficient, and even possession of property of the same kind as that stolen may be considered where there are other corroborating circumstances." 22 C. J. S., Criminal Law, section 812(6), page 1407.

The latter rule is applicable here, and we think the quantum of proof sufficient.

We must bear in mind that unexplained possession of goods which the jury could fairly and reasonably find were stolen from the hardware store would raise an inference of defendant's guilt of the crime charged. State v. Vandewater, 203 Iowa 94, 98, 212 N.W. 339; State v. Perry, 165 Iowa 215, 145 N.W. 56; State v. Fortune, 196 Iowa 995, 998, 195 N.W. 740, 742. In the latter case we said:

"The recent possession by the defendant of goods taken from a building feloniously broken and entered is an evidential fact and unless the evidence in relation to that possession and the explanation thereof creates a reasonable doubt of the defendant's guilt, a jury is justified in returning a verdict of guilty."

We find further support for our position in State v. Jennings, 79 Iowa 513, 516, 44 N.W. 799, 800, where the defendant questioned the reliability of the recognition of knives, guns and shells in a box with the owner's cost mark thereon, and a piece of calico as having been in the store. We said: "Appellant questions the reliability of such testimony on the ground of the difficulty of such recognition, but we think it of such a character that the jury might have found the fact."

So here we hold the circumstances were such that the jury could find as a matter of fact the camera, thermos bottle, and the bulbs (Exhibit 5), found in the possession of defendant, were stolen from the hardware store on January 27, 1953. We are further satisfied there was ample corroboration of a material fact tending to connect the defendant with the crime charged which justified the acceptance of the testimony of the accomplices Kurtz and Bergman.

V. The argument of defendant that there was no showing there was a breaking and entering is also without merit. The sheriff's testimony of finding tool and screwdriver marks on the door corroborates the testimony of the accomplice who said it took defendant about seven minutes to open up the store with the tire tool and screwdriver. Such evidence was relevant and material, and from it the jury might fairly find the corpus delicti adequately proven.

VI. There is no merit in defendant's contention he was prejudiced by the admission of Exhibit 2, for the reason it was not shown ever to have been in defendant's possession. Having corroborated the testimony in a material manner, the jury may then believe the accomplices' entire story. Exhibit 2 was found in the accomplice Bergman's apartment by the sheriff and, while it is true the obvious conclusion is that he stole it, when connected with the other circumstances, it also shows that at some previous time it was in the joint possession of all the conspirators. We said in State v. Bige, 195 Iowa 1342, 1348, 193 N.W. 17, 20: "We have held that, where it is shown that two or more defendants, acting together as accomplices, conspiring together, entered a store building, and had goods stolen therefrom in their joint possession, it is competent to prove that subsequently part of the goods were found in the possession of one of the accomplices", citing State v. Kennedy, 195 Iowa 1059, 191 N.W. 877, and State v. Stutches, 163 Iowa 4, 144 N.W. 597.

The evidence in the case at bar tends to show clearly that the breaking and entering and the larceny of all those articles were committed at the same time. It was a concurrent transaction. State v. Kennedy, supra.

VII. While there is some doubt as to the admis-

sibility of Exhibit 4, the testimony was that it did not come from the store and no prejudicial error could result. It would rather tend to aid the defendant's contention that he purchased flash bulbs elsewhere as exemplified by Exhibit 4. A conviction will not be reversed because some evidence has been admitted which was clearly not prejudicial to the defendant, although it may have been irrelevant and immaterial. State v. Stuart, 241 Iowa 1004, 43 N.W.2d 702, and cases cited therein.

Since we are convinced there was sufficient independent evidence tending to corroborate the accomplices, we are satisfied the testimony justified conviction and the trial court did not err in overruling defendant's motion for a directed verdict, motion for judgment notwithstanding the verdict, and motion for a new trial.

VIII. The State's motion to strike defendant's amendment to the record and for dismissal of the appeal, for the reason no judgment entry appeared in the record originally filed and which defendant attempted to amend after the State's argument was filed, was considered with this appeal. We overruled the motion. This is a criminal case and we preferred to consider it on its merits. We believe the defendant had a fair trial, and the judgment of the trial court is hereby affirmed.—Affirmed.

GARFIELD, C. J., and BLISS, OLIVER, WENNERSTRUM, SMITH, HAYS, and THOMPSON, JJ., concur.

MULRONEY, J., concurs specially.

MULRONEY, J. (concurring specially)—I concur in the affirmance. I feel the governing rule is stated in the majority opinion where the opinion points out the testimony with respect to the finding of the exhibits in defendant's car and room was for the purpose of corroborating the testimony of the accomplices. The proof of identity of the exhibits as the fruits of the crime was sufficient to constitute corroboration for the accomplices' testimony, even though it might be insufficient to constitute substantive proof of guilt. See People v. Williams, 17 Cal. App. 2d 122, 61 P.2d 813. This is but an application of the familiar rule that the corroborating testimony of an accomplice need not be such as will lead to an inference of guilt, independently of the

accomplice's testimony. State v. Bosch, 172 Iowa 88, 153 N.W. 73. Some of the language of the majority opinion and the authorities discussed therein indicate a holding that the proof of identity of the exhibits as the property stolen would be sufficient to warrant an inference of guilt. I do not wish, and I do not think it necessary, to go that far. It is sufficient for this case to hold the proof of identity is corroboration of material facts of the testimony of the accomplices.