STATE of Iowa, Appellee,

v.

Kevin John WILLMAN, Appellant.

No. 58165.

Supreme Court of Iowa.

July 30, 1976.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Following his jury conviction for breaking and entering in violation of § 708.8, The Code, defendant was sentenced to the state reformatory at Anamosa for a term not to exceed ten years. He appeals, asserting his conviction was based on the uncorroborated testimony of an alleged accomplice.

Viewed in light most favorable to the verdict, the evidence disclosed that on August 28, 1974, a Wednesday, the owner of John's Pizza in Cedar Rapids, opening for business, discovered the premises had been invaded. Approximately $120 in cash, 20 fifths of liquor and an undetermined quantity of cigarettes were missing.

Defendant was a frequent customer of the business. He had evidenced a keen interest in the security of the premises and its contents.

Margie Nelson, employee, testified that about 1:30 A.M. on August 28, defendant, Ricky Klouda and a third person came in, ordered pop and beer and went to the pool room. These three were the last to leave. Shortly before 2:00 A.M. Mrs. Nelson checked all rooms to be sure the premises were unoccupied and locked all doors. When she went home at 2:00 A.M. she

noticed defendant, Klouda and the third person in a camper pickup in the parking lot.

Klouda, who had been granted immunity in exchange for his testimony, was a prosecution witness. He testified that after driving the third person, "Cowboy", to another location he and defendant returned to John's Pizza, pushed open a side door lock with a knife, entered and took the money, cigarettes and liquor. He stated they consumed most of the liquor and cigarettes, but might have tried to sell or give some of it away.

Mark Fitzsimmons, a 20-year-old acquaintance of defendant and Klouda, testified they approached him following the breakin and asked if he wanted to buy some liquor or cigarettes at a "dollar a fifth and half price on the cigarettes." He declined the offer. When on Friday, August 30, the owner of John's Pizza told him a breakin had occurred, Fitzsimmons related the above incident. The next day he was interviewed by a detective.

Defense counsel made proper motion for directed verdict on the ground, *inter alia,* Klouda's testimony was uncorroborated. This motion and a later motion for new trial were both overruled.

I. Section 782.5, The Code, proscribing convictions on the uncorroborated testimony of an accomplice, was recently set out *verbatim* in *State v. Jochims,* 241 N.W.2d 25, 26 (Iowa 1976).

Our interpretive rules are well-settled.

Whether there is corroborative evidence is a question of law; its sufficiency is for the jury. *State v. Bizzett,* 212 N.W.2d 466, 468 (Iowa 1973); *State v. Jennings,* 195 N.W.2d 351, 357 (Iowa 1972).

The corroboration need neither be strong nor corroborative of every material matter; the statutory requirement is met if the evidence adduced legitimately tends to connect the accused with the commission of the crime charged and thereby lends support to the credibility of the accomplice. *State v. Jochims,* supra, 241 N.W.2d at 27;

*State v. Nepple,* 211 N.W.2d 330, 332 (Iowa 1973).

Corroborative evidence may be either direct or circumstantial. It need not be entirely inconsistent with innocence. *State v. Nepple,* supra; *State v. Jennings,* supra; see *State v. Cornwell,* 189 N.W.2d 611, 612 (Iowa 1971).

There may be a combination of circumstances, singularly unpersuasive but in totality sufficient, to entitle a jury to conclude the accomplice's testimony has been corroborated. *State v. Horstman,* 222 N.W.2d 427, 432 (Iowa 1974).

II. Turning to the more difficult task of applying these principles to the record before us, it is clear the State produced no direct evidence to corroborate the accomplice's testimony. The only relevant circumstantial evidence 1) disclosed defendant's prior unusual interest in the security of the premises and its contents, 2) placed defendant with the accomplice Klouda outside John's Pizza at the 2:00 A.M. closing hour, and 3) disclosed defendant, again in the company of the accomplice, personally attempted to sell a third party liquor and cigarettes for a fraction of their price within 48 hours after the breakin.

While the testimony of Fitzsimmons, the third party witness, was not entirely consistent on direct and cross-examination as it related to the extent of defendant's participation in the attempted sale, defendant concedes we must view the evidence most favorably to the State. *State v. Dahlstrom,* 224 N.W.2d 443, 448 (Iowa 1974); *State v. Williams,* 179 N.W.2d 756, 758 (Iowa 1970).

It is plain the jury could justifiably infer the items defendant was offering to sell were stolen from John's Pizza, there being direct evidence that 1) cigarettes and fifths of liquor were stolen and defendant was offering to sell this combination of property, 2) the merchandise was offered for sale at a fraction of retail price, 3) the offer was made within 48 hours after the breakin.

We hold all of the circumstances developed in the record in this case, taken together, legitimately tend to connect de-

fendant with the commission of the crime charged and lends the statutorily-required support to the credibility of the accomplice, Klouda. This holding finds support in *State v. Horstman,* 222 N.W.2d 427 (Iowa 1974); *State v. Nepple,* 211 N.W.2d 330 (Iowa 1973); *State v. Proost,* 225 Iowa 628, 281 N.W. 167 (1938); *State v. Russell,* 90 Iowa 493, 58 N.W. 890 (1894).

III. Defendant asserts there was insufficient corroborative evidence because there was no direct testimony or evidence linking the cigarettes and liquor defendant offered to sell with the John's Pizza breakin. He quotes the following from *State v. Gates,* 246 Iowa 344, 352, 67 N.W.2d 579, 584 (1954):

> "In order that accused's possession of property may be regarded as corroborative of the testimony of an accomplice such property must be identified, with reasonable certainty, as the property which was stolen; but a showing of general resemblance is sufficient, and even possession of property of the same kind as that stolen may be considered where there are other corroborating circumstances."

In *Gates,* there was no corroborative testimony placing defendant at the scene of the crime, as there was here. The only evidence alleged to be corroborative was personalty found in defendant's auto several weeks after the theft. The fighting issue was whether the items had been sufficiently identified as merchandise stolen during the hardware store breakin. Although there was no positive proof any of the goods were taken in the breakin, we held in *Gates* the issue of corroboration was properly submitted to the jury.

The situation *sub judice* falls within the exception last noted in the *Gates* rule, "even possession of property of the same kind as that stolen may be considered where there are other corroborating circumstances." Those other corroborating circumstances, including evidence placing defendant at the scene of the crime in the company of the accomplice, in totality are sufficient, when coupled with the offer-to-

sell testimony, to meet the § 782.5 requirement. See *State v. Horstman, supra,* 222 N.W.2d at 432.

We affirm the judgment entered below. AFFIRMED.